J-S36030-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| T.M.W. ON BEHALF OF MINOR PLAINTIFF I.M.P. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| B.A.P. JR. | : | |
| Appellant | : | No. 253 WDA 2015 |

Appeal from the Order January 21, 2015,
In the Court of Common Pleas of Mercer County
Civil Division at No(s): 2015-92

BEFORE:    PANELLA, J., JENKINS, J., and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.: **FILED:  AUGUST 11, 2015**

I agree with the Majority that the expiration of the PFA order at issue does not render this appeal moot.  In so doing, I offer the following analysis.

As stated by the Majority,

> This Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply:  1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

Majority Memorandum, at 3 (quoting ***Ferko-Fox v. Fox***, 68 A.3d 917, 920 (Pa. Super. 2013)).

This case does not present a question of great public importance, as Appellant raises claims that merely challenge the sufficiency of the evidence presented in this particular case.   Likewise, this case does not present a

*Retired Senior Judge assigned to the Superior Court.

question that is capable of repetition and apt to elude appellate review. Because Section 6108(d) of the Protection from Abuse Act, 23 Pa.C.S. § 6108(d), permits a court to issue a protection order for a duration of up to three years, this Court has plenty of opportunity to engage in appellate review of questions raised in the PFA context.[1]

Notwithstanding my observations above, it is my view that Appellant's appeal is not moot because he will suffer some detriment due to the decision of the trial court.

> PFA orders have lasting effects beyond their expiration period. For example, the record of a PFA order can be considered by a trial court in any subsequent PFA proceedings. … Similarly, it is a fact of life that, once an order is entered, a vindictive petitioner might use the order as a type of blackmail, threatening future petitions, even if such petitions are baseless. Also, every practitioner knows, and we cannot honestly deny, that, during divorce and child custody proceedings, an earlier PFA order may affect the way Family Courts look at the person against whom such an order was entered. Indeed, the PFA statute actually provides that PFA orders can be considered, not just in subsequent PFA hearings as we stated **supra**, but also in any type of domestic relationship proceeding.

---

[1] Section 6108 originally provided that the maximum duration of a protection order could not exceed one year. 23 Pa.C.S. § 6108(b) (1991) (P.L. 1240, No. 206, § 2, enacted Dec. 19, 1990). This time period was extended to 18 months in 2000, 23 Pa.C.S. § 6108(d) (2000) (P.L. 35, No. 10, enacted May 10, 2000), and to three years in 2006. 23 Pa.C.S. § 6108(d) (2006) (P.L. 335, No. 66, § 8, enacted Nov. 10, 2005). Thus, while appellate review of expired PFA orders issued under prior versions of the statute may have been justified under the second exception to the mootness doctrine, the risk that a question would be capable of repetition and apt to elude appellate review is much less under the current version of the statute.

> Moreover, ... like criminal convictions and mental health commitments, PFA orders can adversely impact reputation.

***Koontz v. Rutkowski***, 991 A.2d 367 (Pa. Super. 2010) (Colville, J., concurring, unpublished memorandum at 1-2) (citations omitted).  For these reasons, I conclude that Appellant's appeal meets the third exception to the mootness doctrine, and I would proceed to address the merits on that basis.